**LIAN YING WENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3187–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Farah Loftus, Los Angeles, CA, for Petitioner.

Gregory R. Miller, United States Attorney; E. Bryan Wilson, Assistant United States Attorney, Northern District of Florida, Tallahassee, FL, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Lian Ying Weng, a native and citizen of the People's Republic of China, seeks review of a June 15, 2006 order of the BIA affirming the November 2, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum and withholding of removal. *In re Lian Ying Weng*, No. A97 949 252 (B.I.A. June 15, 2006), *aff'g* No. A97 949 252 (Immig. Ct. N.Y. City Nov. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

■ Substantial evidence supports the BIA's and IJ's determination that Weng failed to establish past persecution. Weng testified that he became angry when the family planning officials attempted to take his sister for an abortion, and tried to "stop" them, but indicated that he only voiced his dissent. He was never arrested, detained, or beaten by the officials. As such, Weng failed to establish past persecution, and therefore, was not entitled to the presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *see Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (explaining that in order to establish persecution, the harm must be sufficiently severe, rising above "mere harassment").

■ Similarly, the record supports the BIA's and IJ's determination that Weng failed to establish a well-founded fear of persecution if returned to China. The BIA and IJ both accurately observed that while Weng's brother-in-law and brother-in-law's parents—who remained in China—interfered with the Chinese officials as Weng did, there was no indication that they experienced any difficulties. The BIA and IJ reasonably found this factor to undercut Weng's claim. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157 (BIA 1998) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed). Additionally, even though Weng reported that his sister and brother-in-law were "always in hiding," he did not allege that any action had been taken against them other than the imposition of a fine for the violation. Furthermore, even if the family planning officials indicated an interest in arresting Weng in the past, there is nothing in the record to suggest that the authorities continue to remain interested in pursuing Weng.

Because Weng was unable to show the objective likelihood of persecution needed

to make out an asylum claim, the petitioner was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and relief under the CAT, which involved the same factual premise. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991); *cf. Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).